IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC.,,, | ) |
| STEPHANIE WAGNER, | ) Case No. 20-cv-1124-DWD |
| DR. ALBERTO BUTALID, | ) |
| DR. REYNAL CALDWELL, | ) |
| KELLY KALMER, | ) |
| SANGHEE KIM-ANSBRO, | ) |
| JENNY BEHRENDS, | ) |
| J. DUCKWICTZ, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a Motion to Dismiss (Doc. 68) filed by Defendant Dr. Alberto Butalid. Plaintiff Jermaine Green responded (Doc. 75), and Butalid replied (Doc. 78). The underlying lawsuit concerns medical care that Plaintiff received while detained at Vandalia Correctional Center (Vandalia). (Doc. 62). For reasons explained herein, Butalid's motion will be granted.

### PROCEDURAL HISTORY

Plaintiff initiated this case by filing a complaint on October 23, 2020. Plaintiff was represented by counsel, he paid the filing fee, and he was not incarcerated at the time of filing, so his complaint was not subject to initial review by the terms of 28 U.S.C. §§ 1915(e) or 1915A. (Doc. 8). Wexford immediately moved to dismiss the complaint, but

Plaintiff was granted leave to file an amended complaint, so the motion to dismiss was denied as moot. (Docs. 17, 19, 20). Plaintiff filed an amended complaint on February 10, 2021. (Doc. 21). Defendants Wexford, Reynal Caldwell, and Alberto Butalid all filed motions to dismiss. (Docs. 22, 26, 34). Caldwell and Butalid's motions were granted outright, and Wexford's motion was granted in part. (Doc. 49). The Court also dismissed Defendants Kelly Kalmer and Sanghee Kim-Ansbro for failure to timely serve them pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 50).

In September and November of 2021, Plaintiff's counsel sought and received extensions to serve parties and to file another amended complaint. On December 30, 2021, Plaintiff filed his second amended complaint, which is now the operative pleading. The Court notes that Plaintiff's counsel has again failed to serve Defendants Kelly Kalmer, and Sanghee Kim-Ansbro. Although counsel sought and received additional time to serve Defendants Behrends and Duckwictz, no similar request was made as to Kalmer and Kim-Ansbro. *See* (Docs. 76, 77).

## THE SECOND AMENDED COMPLAINT

In the Second Amended Complaint, Plaintiff alleges that upon his arrival at Vandalia in July of 2018, he was examined by Wexford staff and "it became known by Defendants that he had a serious history of congestive heart failure and spinal stenosis." (Doc. 62 at 3, ¶ 13). Plaintiff generically alleges that all the Defendants refused to give him his required medications before or after they received his medical records. (*Id*. ¶¶ 14-15). He alleges that the nurses only gave him two of his prescribed medications. On March 13, 2019, he had an appointment with Defendant Caldwell, who refused him any

additional medications. (*Id.* ¶ 18). Plaintiff never received all of his medications at Vandalia. (*Id.* ¶ 19). Without his medications he suffered from asthma, shortness of breath, dizziness, sweating, and severe anxiety. (*Id.* ¶ 20). Without his medications, Plaintiff's heart function decreased to twenty percent. (*Id.* ¶ 21).

Plaintiff alleges that Defendants Caldwell and Butalid intentionally failed to order or dispense all of his previously prescribed medications. (*Id.* ¶ 22). Plaintiff alleges that this failure was caused by a Wexford policy, custom, or practice, of arbitrarily refusing medications to cut costs. (*Id.* ¶ 23). Plaintiff claims that Butalid's refusal to give him his medications constituted deliberate indifference. (*Id.* ¶ 25). Plaintiff was released from Vandalia in September of 2019.

Plaintiff names Defendant Butalid in Count 1, for deliberate indifference to his serious medical needs, and he names Butalid in Count 2 for ratifying the actions of Defendant Caldwell. (Doc. 62 at 4-7).

## Discussion
A. Legal Standards

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520.  A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin*, 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

To succeed on a deliberate indifference claim concerning medical care, a plaintiff must show that: (1) he had an objectively serious medical need (2) to which the

Case 3:20-cv-01124-DWD Document 100 Filed 09/22/22 Page 5 of 8 Page ID #386

defendants were deliberately indifferent. *See, e.g., Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). Something more than negligence or even malpractice is required. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "Even objective recklessness—failing to act in the face of an unjustifiably high risk that is so obvious that it should be known—is insufficient to make out a claim…[i]nstead, the Supreme Court has instructed us that a plaintiff must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

B. Analysis

In the Motion to Dismiss, Defendant Dr. Butalid argues that Counts 1 and 2 should be dismissed as the claims relate to him because Plaintiff's allegations are vague and conclusory, and do not sufficiently detail his personal involvement. (Doc. 69). Specifically, Butalid claims that Plaintiff does not plead that he ever saw or treated him, whereas he specifically identifies occasions when he saw other defendants. Further, Butalid argues that his position as a medical director is insufficient to demonstrate personal involvement. Butalid emphasizes that even after multiple rounds of initial disclosures, including the disclosure of detailed medical records, Plaintiff is still unable to identify his personal involvement in Plaintiff's care. As such, Butalid argues that Plaintiff has failed to state a claim against him.

In opposition, Plaintiff argues that because he was seen by medical staff upon arrival at Vandalia, all Defendants were then put on notice of his medical needs. (Doc.

75). Despite this knowledge, all Defendants proceeded to deny him needed medication both before and after they received his medical records.  He argues that one can plausibly infer that Butalid, as medical director at Vandalia, was aware of a substantial risk of harm to his health, and he allowed the risk of harm to continue by continued denial of his full range of medications.  Plaintiff argues that his allegations against Butalid are strengthened by his contention that the denial of medication resulted from Wexford's policy or practice of arbitrarily denying medication to cut costs.  He also argues that as medical director, Butalid had a general duty to all inmates, not just those that he saw and personally treated.  In closing, he argues that Count 2 should also proceed against Butalid as supervisor of Dr. Caldwell, because Caldwell denied him medication after an appointment, which strengthens his claim against Butalid as medical director.

The allegations against Butalid are insufficient to state a claim.  In the Order on the first motion to dismiss, the Court found that Plaintiff had not stated a valid claim against Butalid by merely alleging that "as medical director, [Butalid] would have been on notice of his health condition."  (Doc. 49 at 4).  The allegations in the Second Amended Complaint fare no better.  Plaintiff again alleges that Butalid had a general responsibility to oversee all medical care at Vandalia, so any knowledge about Plaintiff's medical condition that anyone possessed was attributable to Butalid.  This allegation is not sufficient to state a claim for deliberate indifference because it still fails to establish subjective intent on Butalid's behalf.  Plaintiff argues that because he has now alleged that Butalid participated in Wexford's custom or policy of denying medication to save costs, his claim against Butalid is stronger, but the existence of a general policy does not

do anything to establish Butalid's state of mind with regards to Plaintiff's medical needs. Plaintiff's allegations against Butalid in Count 1 are insufficient, so the motion to dismiss will be granted on Count 1.

Plaintiff has also failed to state a claim in Count 2, because he has not made it clear that Butalid had actual knowledge of Caldwell's treatment decisions for Plaintiff.  Under § 1983, supervisors are not liable for the misconduct of their subordinates.  *See e.g. Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) ("knowledge of a subordinate's misconduct is not enough for liability."); *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")  Plaintiff's allegations in Count 2 regarding Butalid, are nothing more than an allegation that Butalid as medical director, should be liable for his subordinate's conduct.  Accordingly, Plaintiff has failed to state a sufficient claim against Butalid in Count 2, and the motion to dismiss will be granted in this respect.

Plaintiff indicated that Counts 3 and 4 of the Second Amended Complaint do not concern Butalid, so the Court need not discuss these counts further.

### UNSERVED PARTIES

As noted in the procedural history section above, Plaintiff has not yet served Defendants Kalmer and Kim-Ansbro.  Parties must be served within 90 days after a complaint is filed.  Fed. R. Civ. P. Rule 4(m).  The Second Amended Complaint was filed on December 30, 2021, so significantly more than 90 days have lapsed.  Plaintiff sought and received extensions to serve two other Defendants, but Plaintiff has not made similar

requests as to Kalmer and Kim-Ansbro. Plaintiff must serve Kalmer and Kim-Ansbro within 14 days, or these defendants will be dismissed.

### DISPOSITION

In summary, Defendant Butalid's Motion to Dismiss (Doc. 49) will be **GRANTED**, because Plaintiff has failed to plead a sufficient claim against Butalid in Counts 1 or 2 of the Second Amended Complaint.

Plaintiff must serve Defendants Kalmer and Kim-Ansbro within 14 days, or these defendants will be dismissed.

**IT IS SO ORDERED.**

Dated: September 22, 2022

_____
DAVID W. DUGAN
United States District Judge